**Rexford G. CASSIDY, Petitioner,**

v.

**Donald R. BLALOCK, Superintendent City Farm, Respondent.**

**Civ. A. No. 74–C–85–D.**

United States District Court,
W. D. Virginia,
Danville Division.

Jan. 28, 1975.

William H. Fuller, III, Commonwealth's Atty., Danville, Va., for defendant.

## OPINION and JUDGMENT

DALTON, District Judge.

Rexford Cassidy brings this action against Donald R. Blalock, the Superintendent of the Danville City Prison Farm, alleging violations of his constitutional rights under 42 U.S.C. § 1983. He seeks judgment in the amount of $150,000. Cassidy was allowed to proceed in *forma pauperis* with this *pro se* complaint by order of the court dated December 20, 1974.

Cassidy has put forth five allegations:

1) his mail has been stopped;

2) he has been placed in a strip cell;

3) he has been denied the right to attend church;

4) he was beaten;

5) there is no parole system at the City Farm Prison.

Respondent, Superintendent Blalock, denies each of the allegations except 2) and 5). Respondent admits that Cassidy was placed in a "strip cell" but only after Cassidy broke 26 windows and set fire to two mattresses. Respondent also admits that there is no parole system at the City Prison Farm.

Numerous complaints by Rexford Cassidy have been considered by the court in previous 42 U.S.C. § 1983 actions. Since many of the prior suits have a bearing upon the present action, the court will from time to time refer to the files of other § 1983 actions previously brought by this same petitioner.

Petitioner's first allegation claims that his mail has been stopped. In Cassidy v. Superintendent, City Prison Farm, Civil Action 73–53, D.C., 392 F.Supp. 330, the same respondent, Superintendent Blalock, enclosed a mail form covering the incoming and outgoing mail to and from Cassidy. The form indicates that between January 29, 1974, and November 15, 1974, Cassidy received over 200 items of mail. Moreover, Cassidy has corresponded on numerous occasions with the court indicating a free flow of his legal mail. The court finds no merit in Cassidy's allegation.

Respondent admits that Cassidy was placed in a "strip cell" on October 31, 1974, after he broke 26 windows in his cell, destroyed two mattresses, and stopped up his commode with a towel. Superintendent Blalock submitted an affidavit to this effect in the previously referred to Civil Action 73–53. For these actions Cassidy was convicted of malicious damage by the Danville General District Court. As a result of Cassidy's destructive behavior the court finds that placing Cassidy in a "strip cell" was reasonable under the circumstances.

In his third allegation Cassidy claims that he was denied his right to attend church in violation of his first amendment right. This allegation raises serious credibility problems as this same petitioner has previously alleged that he was "forced" to go to church in a previous suit, Civil Action 73–53. The court finds this allegation to be lacking in factual substance.

Cassidy's fourth allegation claims he was beaten unmercifully. The court has no doubts that corporeal punishment raises serious charges; however, Cassidy has been convicted of assaulting the very person who now allegedly beat him. This conviction for assaulting Superintendent Blalock came after Cassidy pleaded guilty in the Danville Circuit Court on November 6, 1974. The court has on many occasions received complaints from Rexford Cassidy claiming

the cruelest and most vicious treatment at the hands of his prison guards. On no occasion has he presented any affidavits to lend some degree of credence to his extraordinary allegations. In Cassidy v. Supt., City Prison Farm, Civil Action 73-53, D.C., 392 F.Supp. 330, the court gave thorough consideration to Cassidy's sixteen allegations and none was found meritorious. It has become clear to the court that Cassidy is using 42 U.S.C. § 1983 as a device or "plaything" to be used as an instrument for harassment and his own entertainment and not as a means of redressing legitimate grievances.

 The final allegation by Cassidy concerns the non-existence of a parole system at the Danville City Prison Farm. Cassidy is no longer an inmate at the Prison Farm and therefore he has no standing to raise this issue.

For the above reasons the court orders the complaint dismissed with prejudice and orders the case stricken from the docket. Plaintiff is advised that he may appeal this order within 30 days to the United States Court of Appeals for the Fourth Circuit.