419 F.Supp. 905 (1976)
Melvin Leroy TYLER, Plaintiff,
v.
Brendan RYAN et al., Defendants.
No. 75-270C(3).
United States District Court, E. D. Missouri, E. D.
July 8, 1976.
*906 Melvin Leroy Tyler pro se.
Cletus Rudolph, St. Louis, Mo., for defendants Circuit Attys.
John F. Gillespie, Asst. Circuit Atty., St. Louis, Mo., for Brendan Ryan, John White, Edwin McSweeney and Paul Allred.
David V. Collignon, Asst. County Counselor, Clayton, Mo., for John Koehler.
James J. Gallagher, St. Louis, Mo., for John J. Fitzgibbons.

ORDER
WANGELIN, District Judge.
This matter is before the Court upon the pro se action of plaintiff, Melvin Leroy Tyler, a prisoner in the Missouri State Penitentiary, alleging violations of his Civil Rights on behalf of himself and his brother, Billy Joe Tyler. Since the complainant is proceeding pro se, the alleged violations of Billy Joe Tyler's Civil Rights will not be reviewed here because one cannot sue for the alleged deprivation of the Civil Rights of others, Elk Grove Firefighters Local No. 2340 v. Willis, 391 F.Supp. 487 (N.D.Ill., 1975); Cassidy v. Superintendent, City Prison Farm, Danville, Virginia, 392 F.Supp. 330 (W.D.Va., 1975).
The plaintiff bases jurisdiction for his action upon 42 U.S.C. § 1983. He charges various parties of conspiring under color of state law against him to retaliate for his writ writing, and intended these activities to prevent him from exercising his Constitutional right to access to the courts. Johnson v. Avery, 393 U.S. 483, 89 S.Ct. 747, 21 L.Ed.2d 718 (1969). The plaintiff's complaint alleges:
1) Threats by City Jail guards named and not named to this suit were intended to coerce the plaintiff to drop the suit against the St. Louis City Jail. (Tyler and Tyler v. Lark, 44072-F, (Cir.Ct., St. Louis, 1974).
2) Retaliation by St. Louis Prosecuting Attorney, Brendan Ryan and attorneys in his office for forwarding to the Missouri State Penitentiary Parole Board a letter written by the plaintiff directing threats to Ryan and members of his office.
3) Offers were made to the plaintiff by John Fitzgibbons during his criminal trial in 1969, which proposed that the charges against him (at that time armed robbery and assault with intent to kill) would be dropped if the suit in Federal Court to close the St. Louis City Jail were dropped. Tyler, et al., v. Sheriff Percich, 74-40 C (2) (E.D.Mo., 1974).
4) Perjured testimony was brought forward in Tyler's criminal trial in 1969 by Brendan Ryan's office to convict the plaintiff.
5) A beating was administered by the City Jail guards in 1970. This action was allegedly not investigated, or the participants prosecuted by Brendan Ryan's office, hence a conspiritorial act by the City Prosecuting Attorney.
6) Tyler's conviction in his 1969 criminal trial resulted in a 25 year sentence imposed. His co-conspirators allegedly received sentences of a lesser length of time.
Plaintiff requests that relief be granted to issue an injunction enjoining defendants from continuing this harassment conspiracy, an investigation into all these charges, release from prison, and a damage award from Brendan Ryan and John White, an assistant prosecuting attorney, of $75,000.
This Court must view the plaintiff's complaint by the standard in Bramlet v. Wilson, 495 F.2d 714 (8th Cir., 1974) following Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), that the complaint should not be dismissed if the *907 allegations provide for relief on any possible theory. This Court recognizes a pro se complainant is not held to the rigid formalisms of pleadings and his allegations must be read as true. He must demonstrate that the alleged wrongdoing by the state officials amounts to a deprivation of his Constitutional Rights, Burns v. Swenson, 430 F.2d 771 (8th Cir., 1970), cert. den., 404 U.S. 1062, 92 S.Ct. 743, 30 L.Ed.2d 751 (1972).
The plaintiff contends that certain City Jail guards beat him some time during October of 1970. Before a hearing can be ordered to test this allegation, this Court must determine whether this allegation is time barred by the analogous statute of limitations. This Court must also determine whether George Milsap's alleged threat made in 1969 is also similarly barred. The Eighth Circuit has stated that the most analogous limitations statute must be borrowed from the jurisdiction in which the Federal Court sits. Reed v. Hutto, 486 F.2d 534 (8th Cir., 1973). The proper limitations statute applied here would be either Missouri's three year statute, R.S.Mo., § 516.130 (1969), actions against a sheriff or other officers; or the state's two year statute, R.S.Mo., § 516.140 (1969), actions for assault and battery. The filing of this action on March 21, 1975, is clearly barred by either of the applicable limitations periods. Peterson v. Fink, 515 F.2d 815 (8th Cir., 1975).
Plaintiff further contends that the St. Louis Prosecuting Attorney's office failed to investigate or prosecute the guards involved purportedly for the purpose of retaliating against him for his writs which allegedly expose the Prosecuting Attorney as corrupt. These writs complaining of corruption in Brendan Ryan's office were presented in the suits mentioned in the allegations, Tyler v. Percich, supra, and Tyler v. Lark, supra. Both were authored or assisted by the plaintiff in 1974. Even assuming the plaintiff's allegations as true, as this Court must, it is clear that the plaintiff has made conclusory and frivolous allegations concerning actions of various St. Louis Prosecutors, when such actions could not have possibly been retaliatory. Gittlemacker v. Prasse, 428 F.2d 1 (3rd Cir., 1970).
Plaintiff complains that Brendan Ryan's failure to prosecute the parties in the alleged beating presents a conspiratorial act. He additionally claims that when Ryan forwarded a letter to the Missouri Parole Board, that the disparate sentence asked for in his 1969 criminal trial, and that alleged statements by the City Prosecutor's office of "going away for a long time" during the 1969 trial are all evidence of further retaliation and conspiracy. This Court is bound to follow Imbler v. Pachtman, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976) which held that a prosecutor enjoys absolute immunity from § 1983 suits when he acts within the scope of his prosecutorial duties. The Court has examined a copy of the letter written by the plaintiff which the Prosecuting Attorney's office forwarded to the Missouri Parole Board along with a cover letter from defendant Ryan. The cover letter contains innocuous comments by the Circuit Attorney. The letter presents information of an inmate convicted of a multitude of violent crimes to the Parole Board and indicates his current attitude towards law enforcement. This certainly seems to be well within the prosecutor's duties. The other above mentioned allegations by Tyler all refer to acts by the Circuit Attorney's office which are clearly duties of the prosecutor and as such deserve immunity from this suit.
The plaintiff's allegation that the Associate City (of St. Louis) Counsel, John Fitzgibbon, offered to drop charges in 1969, does not appear to be within his duties, therefore, not under color of law. Furthermore, even if this act had been committed by Fitzgibbon it does not present any deprivation upon which the plaintiff can recover.
This Court has carefully read Mr. Tyler's long list of allegations. As pointed out above, this Court has again been burdened with allegations from the plaintiff which present frivolous claims or factual conclusions. It must be concluded that Mr. Tyler has not stated a cause of action upon which he can recover.
*908 Accordingly, the motion of the defendants for summary judgment will be granted.