William McArthur WELLONS, Plaintiff,

v.

W. J. TOWNLEY, Superintendent Dental Department, Halifax Correctional Unit # 23, Defendants.

Civ. A. No. 81–0057(D).

United States District Court,
W. D. Virginia,
Danville Division.

June 29, 1981.

William McArthur Wellons, pro se.

Alexander Conlyn, Asst. Atty. Gen., Richmond, Va., for defendants.

## MEMORANDUM OPINION

DALTON, District Judge.

Plaintiff William Wellons is currently confined in the Bland Correctional Center in Bland, Virginia. He proceeds *pro se* in the present action, seeking remedy for alleged violations of his constitutional rights as provided by 42 U.S.C. § 1983. Essentially, he complains that a dentist attempted to extract one of the plaintiff's teeth, but that he failed to remove the tooth. As a result, the plaintiff alleges that he suffered "extreme dental pain and irritation which caused additionally mental anguish, and still after adequate emergency extraction by the dental department at Virginia State Penitentiary." The plaintiff, as a consequence of the above-stated facts, concludes that the dentist utilized by the correctional unit mistreated him in a manner that should invoke constitutional cognizance.

The defendants responded in their motion to dismiss, denying that the plaintiff was

subjected to negligent dental care and including the affidavit of William B. Harris, D.D.S., the dentist in question, the affidavit of Correctional Officer G. S. Reese, and pertinent official records of the Virginia Department of Corrections. The defendants answer that Mr. Harris saw the plaintiff on November 3, 1980 and extracted his lower left wisdom tooth. Dr. Harris states that he planned to extract two additional teeth but that he could not get adequate anesthesia to do so. He further avers that it was his conclusion that an oral surgeon was required to extract the other two teeth, and that he consequently referred the plaintiff to Dr. Priest, an oral surgeon who practiced in the same facility. Dr. Harris further states that he saw the plaintiff on no other occasion. The defendants additionally answer that on November 13, 1980, Officer Reese attempted to release the plaintiff for treatment by Dr. Priest. They state that despite their request that the plaintiff remove his personal garments and put on state-issued clothing as required by regulation, he refused to do so. At that point, the plaintiff was returned to Correctional Unit # 23.

Following his receipt of the *Roseboro*-mandated notice, the plaintiff submitted additional pleadings. The plaintiff states that Dr. Harris, who he later named as a party defendant, committed a constitutionally actionable act in sending the plaintiff back to the correctional unit when he still suffered pain from the earlier attempted medical care. In this regard, the plaintiff asserts that Harris left the plaintiff in a painful condition, at least once the sedation was no longer effective. The plaintiff apparently asserts that Dr. Harris attempted to remove two of his teeth, but that he later aborted his attempt and left the plaintiff in a state of pain. The plaintiff suggests that Dr. Harris was guilty of malpractice in not prescribing some medication or not providing for emergency treatment for "severe pain, agony, and mental anguish." The plaintiff responds that he did not cooperate in being transported to the dentist on November 13th because the shoes that the prison officials insisted that he wear were small. Apparently, the plaintiff received final treatment one week later at the Virginia State Penitentiary. *See* "Plaintiff Rebuttal to Motion to Dismiss," p. 2.

■ In adjudging the plaintiff's claims, this court is cognizant that his *pro se* complaint is entitled to a liberal construction. However, when it is apparent that the petitioner could prove no set of facts of constitutional consequence, it is inappropriate, and indeed futile for the court to grant him an opportunity to present supporting evidence. *Cruz v. Beto*, 405 U.S. 319, 92 S.Ct. 1079, 31 L.Ed.2d 263 (1972); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.) *cert. denied* 439 U.S. 970, 99 S.Ct. 464, 58 L.Ed.2d 431 (1978).

The crux of the case at bar centers on the standard under the Eighth Amendment governing the quality of medical services that constitutionally must be afforded an inmate.

■ It is well established that a prisoner's complaint that medical personnel have been negligent in treating or diagnosing a medical disorder does not itself violate the Eighth Amendment's proscription against cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). The standard that triggers constitutional protection and this court's scrutiny requires that "a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Id.* at 106, 97 S.Ct. at 292. When, as in the present case, the plaintiff's disagreement with the dentist's failure to prescribe additional medication is equivalent to a simple disagreement with an informed medical judgment as to whether further medication or sedation was required, the plaintiff has no federal remedy. *Russell v. Sheffer*, 528 F.2d 318 (4th Cir. 1975). Questions of medical judgment are not subject to this court's review. *Id.* at 319. Thus, any claim of malpractice that does not rise to serious indifference, as is the case in the present circumstances, does not state a cognizable claim. *Estelle v. Gamble, supra*, 429 U.S. at 106, 97 S.Ct. at 292.

Further, this court does not find that the officials at the correctional unit failed to comply with an informed medical judgment. There is no allegation that Dr. Harris advised an earlier appointment to see Dr. Priest than November 13th. In addition, this court does not find that the requirement that the plaintiff wear uncomfortably small shoes for a temporary time in order to visit Dr. Priest is a cognizable action or is an action justifying his refusal to accept medical treatment. *See Cassidy v. Blalock*, 392 F.Supp. 330, 335 (W.D.Va. 1975). Given the apparent fact that the plaintiff did receive medical treatment, the court is not, considering the aggregate circumstances, disposed to find a constitutionally actionable transgression. Accordingly, the defendants' motion to dismiss must be granted.