Anthony **MINER** and Eric Simmons, Appellants,

v.

Rick **BRACKNEY,** Appellee.

No. 82–2267.

United States Court of Appeals, Eighth Circuit.

Submitted June 16, 1983.

Decided Oct. 28, 1983.

Rehearing and Rehearing En Banc Denied Dec. 7, 1983.

Brian C. Underwood, St. Louis, Mo., for appellants, Anthony Miner and Eric Simmons.

Eugene K. Buckley, Evans & Dixon, St. Louis, Mo., for appellee.

Before BRIGHT, JOHN R. GIBSON and FAGG, Circuit Judges.

PER CURIAM.

Anthony Miner and Eric Simmons brought this action under 42 U.S.C. § 1983 claiming Rick Brackney, a police officer in Hillsdale, Missouri, filed a false report which stated that Miner had implicated Simmons in the commission of a robbery. Simmons was subsequently convicted in state court, and was in the process of appealing his conviction when this suit was filed. The district court[1] granted a motion to dismiss the complaint for failure of either appellant to state a claim upon which relief could be granted, additionally declining in Simmons's case to intervene in his state court conviction while it was on appeal in state court. We affirm.

■ Pro se pleadings are held to a less stringent standard and should not be dismissed unless there is proof "beyond doubt" that the claim is without merit. *Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (1972); *Woodall v. Foti,* 648 F.2d 268, 271 (5th Cir.1981).

■ Miner's contention that Brackney's report falsely labeled him an informant among his peers is not actionable; claims for defamation and slander are not cognizable under § 1983. *Ellingburg v. Lucas,* 518 F.2d 1196, 1197 (8th Cir.1975); *Morey v. Independent School District,* 429 F.2d 428 (8th Cir.1970); *Heller v. Roberts,* 386 F.2d 832 (2d Cir.1967). The district court correctly stated that "words and intents do not rise to the level of constitutional deprivations." *Accord Collins v. Cundy,* 603 F.2d 825, 827 (10th Cir.1979) (per curiam); *Johnson v. Glick,* 481 F.2d 1028, 1032 (2d Cir.

---

1. Clyde S. Cahill, United States District Judge for the Eastern District of Missouri.

1973), *cert. denied,* 414 U.S. 1033, 94 S.Ct. 462, 38 L.Ed.2d 324, *Boston v. Stanton,* 450 F.Supp. 1049, 1055–56 (W.D.Mo.1978); *Jones v. Superintendent,* 370 F.Supp. 488, 491 (W.D.Va.1974). Even a liberal interpretation of the complaint reveals an alleged deprivation only of Simmons's constitutional rights, which Miner has no standing to assert. *Singleton v. Wulff,* 428 U.S. 106, 114, 96 S.Ct. 2868, 2874, 49 L.Ed.2d 826 (1976); *Carter v. Romines,* 560 F.2d 395 (8th Cir.1977) (per curiam), *cert. denied,* 436 U.S. 948, 98 S.Ct. 2854, 56 L.Ed.2d 791 (1978); *Tyler v. Ryan,* 419 F.Supp. 905, 906 (E.D. Mo.1976).

 Simmons's complaint, that allegedly false statements by Brackney led to his investigation and prosecution, and his demand for damages and "injunctive relief," plainly call into question the validity of his state court conviction. Generally, a § 1983 action does not require as a prerequisite the exhaustion of state remedies. *Wolff v. McDonnell,* 418 U.S. 539, 554, 94 S.Ct. 2963, 2973, 41 L.Ed.2d 935 (1974); *Preiser v. Rodriquez,* 411 U.S. 475, 494–95, 93 S.Ct. 1827, 1838–39, 36 L.Ed.2d 439 (1973). Exhaustion is required, however, when disposition of the civil suit would require federal intervention in a matter presently pending in state court. *Hamlin v. Warren,* 664 F.2d 29, 32 (4th Cir.1981), *cert. denied,* 455 U.S. 911, 102 S.Ct. 1261, 71 L.Ed.2d 451 (1982); *Fulford v. Klein,* 529 F.2d 377, 381 (5th Cir.1976), *aff'd en banc* 550 F.2d 342 (1977); *Guerro v. Mulhearn,* 498 F.2d 1249, 1253–55 (1st Cir.1974). In determining whether there is a comity issue, the federal court must weigh the potential disruption of the orderly administration of criminal justice against potential harm to the litigant. *Guerro v. Mulhearn, supra,* 498 F.2d at 1255. *See also Younger v. Harris,* 401 U.S. 37, 49–52, 91 S.Ct. 746, 753–754, 27 L.Ed.2d 669 (1971). The district court did not err in dismissing Simmons's complaint.

■ The district court did not err when it granted the motion to dismiss ten days after it was filed. Under Local Rule 7(B)(2), appellants had five days to submit their response. Fourteen days passed before such response was filed. Accordingly, appellants' argument that they were denied a reasonable opportunity to respond to the motion is invalid, particularly in view of the fact that arguments in their response were nevertheless considered in the district judge's order dismissing the case.

Affirmed.