Eugene J. **ERDOS**, Petitioner,

v.

**SECURITIES AND EXCHANGE COMMISSION**, Respondent.

No. 84–7033.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 9, 1984.

Decided Sept. 5, 1984.

**508**

Eugene J. Erdos, pro se.

Elizabeth Ashcraft, Washington, D.C., for respondent.

Before ANDERSON, SKOPIL and BOO-CHEVER, Circuit Judges.

BOOCHEVER, Judge.

Eugene Erdos petitions for review of a Securities and Exchange Commission (S.E.C.) order affirming disciplinary sanctions imposed on him by the National Association of Securities Dealers (NASD) for violating the Association's Rules of Fair Practice. We affirm.

■ The S.E.C.'s factual findings are conclusive if supported by substantial evidence. 15 U.S.C. § 78y(a)(4). The evidence shows that in 1976 Mrs. Cole, a seventy-five year old retired widow with limited assets and a portfolio valued at approximately $115,000, opened an account with Erdos, a securities dealer. In 1977, Erdos engaged in more than 130 transactions for Mrs. Cole's account, totalling approximately $1.2 million. Those transactions earned him about $25,000 in commissions. In the meantime Mrs. Cole's portfolio had decreased in value to $90,000, and yielded considerably less income than in prior years. The S.E.C. found that Erdos violated the NASD rules by making unsuitable recommendations for Mrs. Cole and engaging in excessive trading in her account. In light of Mrs. Cole's financial situation, we conclude that the S.E.C.'s findings were supported by substantial evidence.

■ The NASD rule against making unsuitable recommendations is governed by whether the dealer "fulfilled the obligation he assumed when he undertook to counsel the [customer], of making only such recommendations as would be consistent with the customer's financial situation and needs." *Phillips & Co.*, 37 S.E.C. 66, 70 (1956). The record reveals that Erdos executed trades for Mrs. Cole that were highly risky in light of her particular financial situation.

Erdos maintains that he did not violate the NASD's suitability rule because Mrs. Cole did not disclose her age or her total financial situation to him. The argument lacks merit. The NASD's suitability rule is not limited to situations where comprehensive financial information about the customer is known to the dealer. *Gerald M. Greenberg*, 40 S.E.C. 133, 137–38 (1960). Erdos had a duty to act with caution and to make recommendations based on the concrete information that he did have rather than on his speculations about her situation. The record substantially supports the S.E.C.'s findings of unsuitable recommendations.

Similarly, the record supports the S.E.C.'s finding that Erdos also violated the NASD's rule against excessive trading. Excessive trading is determined in light of the customer's "objectives and financial situation." NASD Rules of Fair Practice, Article III, Sec. 2, Board of Governors' Policy Statement (1976). As outlined above, Mrs. Cole's financial situation certainly did not warrant the highly risky transactions Erdos executed.

■ Erdos claims that he did not violate the Association's rule because he did not exercise control over Mrs. Cole's account, and because he did not act with scienter. The first argument is disingenuous in light of the evidence submitted to the Commission. The record supports the S.E.C.'s finding that Mrs. Cole lacked a sufficient understanding of the trading to evaluate Erdos' recommendations independently. The testimony of both Erdos and Cole revealed that she completely relied upon his advice and always followed his recommendations. Erdos' second argument misses the mark. An NASD violation does not require that the dealer act with scienter. *First Securities Corporation National Association of Securities Dealers, Inc.*, 40 S.E.C. 589, 592 (1961).

■ Finally, Erdos claims the NASD regulatory rules are unconstitutional because: (1) regulating a customer's trading

based on her needs infringes on the customer's constitutional right to exercise her free will; and (2) requiring a customer to disclose her financial situation to her securities dealer violates her constitutional right to privacy. Erdos lacks standing for the constitutional arguments he makes. *See Warth v. Seldin,* 422 U.S. 490, 498–99, 95 S.Ct. 2197, 2204–05, 45 L.Ed.2d 343 (1975); *McMichael v. County of Napa,* 709 F.2d 1268, 1270 (9th Cir.1983) (standing requires that a plaintiff assert his own rights, not those of a third party).

Accordingly, the S.E.C.'s order is AFFIRMED.[1]

---

1. We deny Erdos' Motion To Amend Docketing Statement because his additional claim for $1.5 million damages against the S.E.C. may not be considered by us in the first instance. We also, deny his Motion to Strike Erroneous Quotation from S.E.C. Brief as not properly brought before us. In any event, a change in the portion of the transcript quoted in the motion would not alter our ruling.