836 F.2d 1342
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Raymond D. CA'PALDO, a/k/a David H. Williams, Plaintiff-Appellant,
v.
Joe PREZ, Jo Ann Porterfield, Carol Bailey, Three John or
Jane Does, Board of Trustees at Lincoln Primary
Care Center, Inc., Defendants-Appellees.
David H. Williams, Plaintiff-Appellant,
v.
Steven M. SIMONE, Carol L. Groves, Anne C. Corey, M.D.,
Defendants-Appellees.
 Nos. 87-7297, 87-7690.
 United States Court of Appeals, Fourth Circuit.
 Submitted Nov. 23, 1987.
Decided Jan. 8, 1988.
 
 Raymond D. Ca'Paldo, a.k.a David H. Williams, appellant pro se.
 Richard Louis Earles, Shuman, Annand & Poe, for appellees Prez, Porterfield, Bailey, Does.
 W. Jack Stevens, Stevens & Jackson, for appellee Lincoln Primary Care Center.
 Daniel R. Schuda, Steptoe & Johnson, for appellees Simone and Groves.
 Amy Michelle Lecocq, Office of United States Attorney, for appellee Corey.
 Before DONALD RUSSELL and MURNAGHAN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 In these two pro se actions, which have been consolidated on appeal, Rev. David H. Williams, a.k.a. Raymond David Ca'Paldo III, complains of certain information compiled and disseminated by the defendants characterizing him as a rapist and child molester. Williams, a New Jersey inmate, claims deprivation of his constitutional rights and seeks damages and expunction from his records of the allegedly erroneous implications. Williams cited, inter alia, 42 U.S.C. Sec. 1983, the Freedom of Information Act and the Privacy Act, 5 U.S.C. Secs. 552, 552a, and the Federal Tort Claims Act as providing redress for his injuries.
 
 
 2
 In No. 87-7297, Williams sued employees of the West Virginia Department of Welfare and members of the board of trustees of Lincoln Primary Care Center, Inc. ("Primary Care"). Williams claimed that a medical report written by Dr. Anne C. Corey, an employee of Primary Care, which indicated Corey's suspicions that Williams had sexually abused his stepdaughter in 1980, violated his constitutional rights. The medical report was considered by a New Jersey Grand Jury in connection with charges ultimately levied against Williams for aggravated sexual assault alleged to have occurred in May and December of 1982.
 
 
 3
 Williams also complained of a 1982 telephone conversation between defendant Joe Prez, an employee of the West Virginia Department of Welfare, and Robert S. Newman, Williams' probation officer in New Jersey, wherein Perez purportedly stated that Williams had sexually abused his stepdaughter. This information was incorporated into a presentence report prepared by Newman in connection with the charges of aggravated sexual assault against Williams in New Jersey.
 
 
 4
 The district court, ruling that Williams' claims were barred by the statute of limitations, granted a motion to dismiss filed by the defendants.
 
 
 5
 In No. 87-7690, Williams, again alleging violation of his constitutional rights, sued Dr. Corey, the physician who drafted the medical report and sent it to the West Virginia Department of Welfare, and Carol L. Groves, a social worker employed by the Department of Welfare, who transmitted the report to an organization in New Jersey. Williams also sued Steven M. Simone, a social worker employed by the West Virginia Department of Human Services. Simone had drafted a report in 1980 stating that Williams had served time in West Virginia on a rape charge and that he had sexually abused his stepdaughter. Simone's report may have been considered along with Dr. Corey's medical report by the New Jersey Grand Jury which ultimately indicated Williams on the sexual assault charges. Simone notified Williams in 1983 that the report had been corrected to reflect Williams' conviction for grand theft auto, not rape.
 
 
 6
 The district court granted a motion to dismiss filed by the defendants alleging failure to state a claim upon which relief may be granted.
 
 
 7
 In both No. 87-7297 and No. 87-7690, Williams claimed that the information reported and disseminated by the defendants resulted in his indictment, conviction, and sentencing in New Jersey for aggravated sexual assault, and in subsequent denials of parole. Although we conclude that Williams' claims were not barred by the statute of limitations in No. 87-7297, we affirm both decisions because we conclude that Williams failed to state a claim under 42 U.S.C. Sec. 1983.
 
 
 8
 Williams claims not to have been aware of his cause of action against the defendants prior to May 12, 1983. As the record contains no indication to the contrary, Williams' suit filed March 11, 1985 was timely. See Cox v. Stanton, 529 F.2d 47, 50 (4th Cir.1975); W.Va.Code Sec. 55-2-12(b).
 
 
 9
 Although Williams' claims are not time barred, they do not rise to the level of constitutional violations. Defamation by a state official, by itself, is insufficient to state a claim under 42 U.S.C. Sec. 1983. Paul v. Davis, 424 U.S. 693 (1976). Nor does mere negligence, assuming it exists in these cases, state a claim under Sec. 1983 for violations of the due process clause of the fourteenth amendment. Davidson v. Cannon, 474 U.S. 344 (1986); Daniels v. Williams, 474 U.S. 327 (1986).
 
 
 10
 Williams' attempts to invoke the Freedom of Information Act and the Privacy Act, 5 U.S.C. Secs. 552, 552a, and the Federal Tort Claims Act, 28 U.S.C. Sec. 1346(b), similarly fail. Such actions may only be brought against the federal government or agencies thereof. 5 U.S.C. Secs. 552, 552a; 28 U.S.C. Sec. 1346(b).
 
 
 11
 Insofar as Williams attacks the validity of his New Jersey conviction or his confinement, such claims are cognizable only in a habeas action filed in the proper forum, after exhaustion of state remedies. See Miner v. Brackney, 719 F.2d 954, 956 (8th Cir.), cert. denied, 467 U.S. 1259 (1983); Todd v. Baskerville, 712 F.2d 70 (4th Cir.1983); Hamlin v. Warren, 664 F.2d 29 (4th Cir.1981), cert. denied, 455 U.S. 911 (1982).
 
 
 12
 Williams final contention, that the district court erred in failing to appoint counsel, is without merit. We conclude that the district court did not abuse its discretion in declining to appoint counsel. See Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir.1984). Because the dispositive issues have recently been decided authoritatively, we dispense with oral argument.
 
 
 13
 AFFIRMED.