**Manuel CEVALLOS, Plaintiff,**

v.

**CITY OF LOS ANGELES, et al., Defendants.**

**No. CV 95–1900–GHK(RMC).**

United States District Court, C.D. California.

Jan. 17, 1996.

---

380

Manuel Cevallos, Gardena, CA, Pro Se.

Gregory P. Orlando, Deputy City Attorney, Los Angeles, CA, Michael B. Lawler and Barbara L. McCully, Murchison & Cumming, Los Angeles, CA, for Defendants.

ORDER ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

KING, District Judge.

Pursuant to 28 U.S.C. Section 636, the Court has reviewed the Complaint and other papers along with the attached Report and Recommendation of the United States Magistrate Judge, the objections filed by plaintiff on December 28, 1995, and the Supplement to the Report and Recommendation and has made a *de novo* determination of the Report and Recommendation.

IT IS ORDERED that (1) the Report and Recommendation is approved and adopted;

(2) defendants' motions to dismiss are granted; and (3) Judgment shall be entered dismissing with prejudice the Complaint and action.

IT IS FURTHER ORDERED that the Clerk shall serve copies of this Order, the Magistrate Judge's Report and Recommendation and Judgment, and the Supplement to the Report and Recommendation by the United States mail on the parties.

## REPORT AND RECOMMENDATION OF A UNITED STATES MAGISTRATE JUDGE

CHAPMAN, United States Magistrate Judge.

This report and recommendation is submitted to the Honorable George H. King, United States District Judge, pursuant to the provisions of 28 U.S.C. § 636 and General Order 194 of the United States District Court for the Central District of California.

### BACKGROUND

On March 25, 1995, plaintiff Manuel Cevallos, dba Macella Sporting Goods, proceeding *pro se*, filed a complaint pursuant to ·42 U.S.C. Section 1983 against the City of Los Angeles and the Los Angeles Police Department ("defendant City"), the radio station KPWR–FM, and unspecified Does.

Plaintiff alleges that on May 1, 1994, he participated in a Cinco de Mayo celebration known as Fiesta Broadway (the "festival") authorized by defendant City. (Complaint, 3:3–5). Plaintiff planned to sell various World Cup shirts and caps at the festival. (Complaint, 3:5–7). Plaintiff alleges that defendant KPWR also planned to participate in the festival by providing entertainment; however, by 4:00 p.m., the festival was overcrowded and defendant KPWR cancelled its show. (Complaint, 3:9–11). Plaintiff contends that neither defendant KPWR nor defendant City attempted to make more room for the crowd by moving defendant KPWR's equipment (Complaint, 3:11–16), and that after defendant KPWR cancelled its show, defendant City closed the festival by using rubber bullets, batons, and nightsticks to disperse the crowd. (Complaint, 3:17–24).

Due to the early closing of the festival, plaintiff claims he lost $5,530.00, which he had invested in inventory. (Complaint, 3:24–26). Plaintiff seeks compensatory damages of $5,530.00 and punitive damages of $5 million for violation of his Fourteenth Amendment right "to make a profit." (Complaint, 4:4–6).

On July 12, 1995, defendant City filed a motion to dismiss for failure to state a claim upon which relief may be granted. On July 31, 1995, defendant KPWR filed a motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim upon which relief may be granted. Plaintiff filed an opposition to defendant City's motion on July 25, 1995, and an opposition to defendant KPWR's motion on August 29, 1995.

### DISCUSSION

 A motion to dismiss for lack of subject matter jurisdiction and failure to state a claim, pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6), should be granted when it is clear that plaintiff can prove no set of facts in support of the claim that would entitle him to relief. *Neitzke v. Williams*, 490 U.S. 319, 326–27, 109 S.Ct. 1827, 1832–33, 104 L.Ed.2d 338 (1989); *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984). In considering the motion to dismiss, the Court must accept the allegations of the complaint as true. *Hishon*, 467 U.S. at 73, 104 S.Ct. at 2232; *Hospital Bldg. Co. v. Trustees of Rex Hosp.*, 425 U.S. 738, 740, 96 S.Ct. 1848, 1850, 48 L.Ed.2d 338 (1976).

 The court must also construe the pleading in the light most favorable to the party opposing the motion and resolve all doubts in the pleader's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421, 89 S.Ct. 1843, 1848, 23 L.Ed.2d 404 (1969). Moreover, *pro se* pleadings are held to a less stringent standard than those drafted by a lawyer. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972) (per curiam); *Karim–Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir.1988).

## 1. Claims for Relief Against Defendant City:

Plaintiff raises two claims against defendant City, both founded in rights under the due process clause of the Fourteenth Amendment. He claims that defendant City's actions in cancelling the festival prevented him from selling sporting goods, causing him to lose $5,530.00 (Complaint, 3:3–26, 4:11); thus, he alleges that defendant City interfered with a property interest. He also claims that defendant City's actions in breaking up the festival with rubber bullets, night sticks and batons violated his liberty interest. (*See* Complaint, 3:20–24; Opposition to Motion to Dismiss, 4:3–10).

Let us first consider plaintiff's property interest claim. "As a threshold requirement to any due process claim, the plaintiffs must show that they have a protected property ... interest." *Kraft v. Jacka,* 872 F.2d 862, 866 (9th Cir.1989) (citing *Board of Regents v. Roth,* 408 U.S. 564, 569–71, 92 S.Ct. 2701, 2708, 33 L.Ed.2d 548 (1972)). A property interest protected by the Constitution is an "interest[ ] that a person has already acquired in [a] specific benefit[ ]." *Board of Regents,* 408 U.S. at 576, 92 S.Ct. at 2709; *Hoopa Valley Tribe v. Christie,* 812 F.2d 1097, 1102 (9th Cir.1987). A property interest is more than a unilateral expectation, it is "a legitimate claim of entitlement." *Board of Regents,* 408 U.S. at 577, 92 S.Ct. at 2709. Entitlements are not created by the constitution, but are defined by independent sources such as state law, statutes, ordinances, regulations or express or implied contracts. *Id.; Lucero v. Hart,* 915 F.2d 1367, 1370 (9th Cir.1990).

Numerous cases hold that a unilateral expectation of receiving an economic benefit fails to constitute a protected property interest. *See e.g., Erickson v. United States,* 67 F.3d 858, 862 (9th Cir.1995) (doctors had no property interest in continued participation in Medicare or Medicaid); *Greenwood v. Federal Aviation Admin.,* 28 F.3d 971, 976 (9th Cir.1994) (plaintiff had mere unilateral expectation in the renewal of pilot examiner designation by the FAA); *Hoopa Valley Tribe,* 812 F.2d at 1102 (tribe had no property interest in the economic benefit of retaining a Bureau of Indian Affairs Office on the Hoopa Valley Reservation). In the present case, plaintiff alleges no protected interest under state law, regulation, statute or contract. He claims only a unilateral expectation that he would be able to sell sporting goods at the festival, thereby making a profit. Accordingly, plaintiff has no property interest protected by due process.

Plaintiff's liberty claim should be dismissed for lack of jurisdiction because plaintiff has no standing to raise such a claim. "A federal court's jurisdiction ... can be invoked only when the plaintiff himself has suffered 'some threatened or actual injury resulting from the putatively illegal action....' [P]laintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." *Warth v. Seldin,* 422 U.S. 490, 499, 95 S.Ct. 2197, 2205, 45 L.Ed.2d 343 (1975) (citations omitted). "The rules of standing ... are threshold determinants of the propriety of judicial intervention. It is the responsibility of the complainant clearly to allege facts demonstrating that he is a proper party to invoke judicial resolution of the dispute and the exercise of the court's remedial powers." *Id.* at 517–18, 95 S.Ct. at 2215. Following *Warth,* the Ninth Circuit held that the manufacturer of an arcade game could not assert the liberty and property interests of the operators of the game in an action challenging state regulation of arcade game licensing. *Wedges/Ledges of California Inc. v. City of Phoenix,* 24 F.3d 56, 62 (1994). *See also Hong Kong Supermarket v. Kizer,* 830 F.2d 1078, 1081 (9th Cir.1987) (supermarket vendor lacked standing to challenge allegedly discriminatory administration of food stamp program); *Erdos v. SEC,* 742 F.2d 507, 508–09 (9th Cir.1984) (securities dealer lacked standing to challenge the constitutionality of regulations affecting the customer, not the securities dealer); *Johnson v. Stuart,* 702 F.2d 193, 195 (9th Cir.1983) (teachers lacked standing to challenge Oregon statutory scheme regulating the selection of textbooks, when the alleged constitutional violation affected students).

Here, plaintiff does not allege that he or his employees were dispersed from the festival by the use of rubber bullets, batons and nightsticks by the police. (Complaint, 3:20–23; Plaintiff's Opposition to the City's Motion to Dismiss, 3:23–24). Thus, plaintiff lacks standing to assert the liberty interests of those who may have been subjected to that police conduct. Those persons have the ability to file suit to protect their own interests, and, thus, this Court should not exercise jurisdiction over plaintiff's liberty claim. *Id.*

## 2. Subject Matter Jurisdiction Over Defendant KPWR:

The threshold inquiry in any Section 1983 action is whether the conduct complained of was committed by a person acting under color of state law, depriving the plaintiff of a constitutionally protected right. *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 1913, 68 L.Ed.2d 420 (1981); *Smith v. City of Fontana*, 818 F.2d 1411, 1415, n. 5 (9th Cir.1987). "It is fundamental that an action under § 1983 will lie only against a person acting under 'color of any statute, ordinance, regulation, custom, or usage of any State or Territory.' 42 U.S.C. § 1983." *Gutierrez v. Vergari*, 499 F.Supp. 1040, 1052 (S.D.N.Y.1980). The complaint, however, contains no allegation that defendant KPWR or its employees were, at the time in question, a public officer or public official and its conduct does not appear to be under the color of state law. *Id. See Tyler v. Ryan*, 419 F.Supp. 905, 907 (E.D.Mo.1976).

Defendant KPWR is a private radio station regulated by the Federal Communications Commission. Where the defendant is a regulated entity, such as defendant KPWR, the Ninth Circuit has recognized four different tests for determining state action. *Parks Sch. of Business, Inc. v. Symington*, 51 F.3d 1480, 1486–87 (9th Cir.1995); *Gorenc v. Salt River Project Agric. Improvement and Power Dist.*, 869 F.2d 503, 506–08 (9th Cir.), *cert. denied* 493 U.S. 899, 110 S.Ct. 256, 107 L.Ed.2d 205 (1989). The first test considers "whether there is a sufficiently close nexus between the State and the challenged action of the regulated entity so that the action of the latter may be fairly treated as that of the state itself." *Gorenc*, 869 F.2d at 506 (quoting *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 351, 95 S.Ct. 449, 453, 42 L.Ed.2d 477 (1974) (action of private utility company in terminating electrical service not state action)). Here, defendant KPWR chose not to participate in a festival sponsored by defendant City. The complaint does not allege state participation in this decision; consequently, there is no "nexus" between the state and defendant KPWR's action. *See Parks*, 51 F.3d at 1486.

The second test considers whether there was "joint action," that is "whether the state has 'so far insinuated itself into a position of interdependence with [the private entity] that it must be recognized as a joint participant in the challenged activity.'" *Gorenc*, 869 F.2d at 507 (quoting *Burton v. Wilmington Parking Auth.*, 365 U.S. 715, 725, 81 S.Ct. 856, 862, 6 L.Ed.2d 45 (1961)). Again, plaintiff does not allege any interdependence between the state and defendant KPWR. The fact that defendant KPWR may confer a public benefit in a broad sense by providing radio entertainment does not equate with state action. *See Parks*, 51 F.3d at 1486.

The third test considers whether the entity functions as the government. *Id.* Under this analysis, the public function of the entity must traditionally be the exclusive prerogative of the state. *Id.* (citing *Rendell–Baker v. Kohn*, 457 U.S. 830, 842, 102 S.Ct. 2764, 2772, 73 L.Ed.2d 418 (1982)). The activities of a radio station are simply not those traditionally performed by the state; therefore, the public function test does not indicate state action.

Finally, the fourth test considers "whether the private actor who violates someone's constitutional rights under the 'compulsion' or framework of state law or state custom having force of law offends the Fourteenth Amendment." *Gorenc*, 869 F.2d at 508 (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 169–70, 90 S.Ct. 1598, 1614–15, 26 L.Ed.2d 142 (1970)). Here, no state law, regulation, or custom compelled defendant KPWR to withdraw from the festival. In fact, plaintiff alleges that defendant KPWR acted on its own initiative. Because plaintiff

has not alleged, and cannot show, state action by defendant KPWR, defendant KPWR should be dismissed from this lawsuit for lack of subject matter jurisdiction. *Parks*, 51 F.3d at 1485–86.

## RECOMMENDATION

For the foregoing reasons, IT IS RECOMMENDED that the Court issue an Order: (1) approving and adopting this Report and Recommendation; (2) granting defendants' motions to dismiss; and (3) directing that Judgment be entered dismissing the Complaint and action with prejudice.

DATE: December 1, 1995

## SUPPLEMENT TO REPORT AND RECOMMENDATION OF A UNITED STATES MAGISTRATE JUDGE

In his Objection to the Report and Recommendation, filed on December 28, 1995, plaintiff argues that he should be permitted to amend his complaint to add additional plaintiffs to show standing to assert the liberty interests of those dispersed from the festival by the police. But such an amendment would still not give plaintiff Cevallos standing, and cannot be permitted. It is well established that a layperson ordinarily cannot represent the interests of a class of other plaintiffs. *See McShane v. U.S.*, 366 F.2d 286, 288 (9th Cir.1966). To fairly and adequately represent a class, the plaintiff must be represented by counsel, as noted by the District Court for the Southern District of New York:

> One of the most important considerations in [representing a class] goes to the qualifications and expertise of plaintiff's counsel.... With due respect for [pro se plaintiff's] skills as a jailhouse lawyer, however, it would be improper to permit[ ] a pro se litigant who is not an attorney ... to litigate ... a class action....

*Shaffery v. Winters*, 72 F.R.D. 191, 193 (S.D.N.Y.1976).

DATE: January 10, 1996