# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-1534

_____

Carolyn Owens,

          Appellant,

      v.

Shelly Gooding; Deborah Spraggins;
Jim Merlo; Ruthanne Willeke; Amy
Kubsh; Tiffany Lovelace Brown;
Cora Taylor; Midwest Counseling and
Consulting,

          Appellees.

         \* Appeal from the United States
         \* District Court for the
         \* Eastern District of Missouri.

         \* [UNPUBLISHED]

_____

Submitted: May 31, 2011
Filed: June 8, 2011

_____

Before WOLLMAN, BOWMAN, and SMITH, Circuit Judges.

_____

PER CURIAM.

     Carolyn Owens appeals from the District Court's[1] 28 U.S.C. § 1915(e)(2)(B)(i), (ii) pre-service dismissal of her action relating to the removal of her cousin's children from her care. Upon careful review, see Wilson v. Johnston, 68 F. App'x 761 (8th Cir. 2003) (unpublished per curiam) (reviewing § 1915(e)(2)(B)(i) dismissal for abuse of

_____

[1]The Honorable Jean C. Hamilton, United States District Judge for the Eastern District of Missouri.

discretion); <u>Moore v. Sims</u>, 200 F.3d 1170, 1171 (8th Cir. 2000) (per curiam) (reviewing § 1915(e)(2)(B)(ii) dismissal <u>de novo</u>), we find no basis for reversal, and we agree with the reasons provided by the District Court. <u>See</u> <u>Elk Grove Unified Sch. Dist. v. Newdow</u>, 542 U.S. 1, 12–13 (2004) (stating that in general, it is appropriate for federal courts to leave delicate issues of domestic relations to state courts; and it might be appropriate for federal courts to decline to hear case involving elements of domestic relationship even when divorce, alimony, or child custody is not strictly at issue); <u>Andrews v. City of W. Branch, Iowa</u>, 454 F.3d 914, 918 (8th Cir. 2006) (noting that to state claim under 42 U.S.C. § 1983, plaintiff must allege violation of constitutional right committed by person acting under color of state law); <u>Miner v. Brackney</u>, 719 F.2d 954, 955 (8th Cir. 1983) (per curiam) (reiterating that claims for defamation and slander are not cognizable under 42 U.S.C. § 1983); <u>see also</u> 28 U.S.C. § 1367(c)(3) (stating that a court may decline to exercise supplemental jurisdiction if it has dismissed all claims over which it had original jurisdiction); <u>Gibson v. Weber</u>, 431 F.3d 339, 342 (8th Cir. 2005) (noting that Congress has unambiguously granted district courts discretion in § 1367(c) to dismiss supplemental state-law claims when all federal claims have been dismissed); <u>Stone v. Harry</u>, 364 F.3d 912, 914 (8th Cir. 2004) (explaining that although pro se complaints are to be construed liberally, they must allege sufficient facts to support claims advanced; court will not supply additional facts or construct legal theory).

Accordingly, we affirm the judgment of the District Court.

_____