**Albert H. CARTER, Appellant,**

v.

**Parvin ROMINES, Marion Thomas, and Clerk of the Circuit Court of Crittenden County, Arkansas, Appellees.**

No. 77–1070.

United States Court of Appeals, Eighth Circuit.

Submitted Aug. 17, 1977.

Decided Aug. 19, 1977.

As Amended on Denial of Rehearing and Rehearing En Banc Dec. 1, 1977.

Albert H. Carter, Corpus Christi, for appellant.

Ed W. McCorkle, Arkadelphia, Ark., filing brief for appellee, Romines.

Skillman, Durrett & Davis, West Memphis, Ark., filing brief for appellee, Thomas.

Before HEANEY, ROSS and WEBSTER, Circuit Judges.

PER CURIAM.

On December 30, 1976, appellant Albert Carter filed the instant complaint in the District Court. The complaint alleged that appellees and law enforcement officers acting under their direction had violated the civil rights of one Robert Lee Swanson by wrongfully withholding certain moneys and other personalty taken from Swanson subsequent to his arrest in August, 1968. Appellant further alleged that Swanson had assigned his entire interest in the cause of action to appellant. Jurisdiction was based on 28 U.S.C. §§ 1331, 1332, and 1343(3).

The District Court, *sua sponte,* dismissed the complaint. The court concluded that appellant was not a proper party in interest and lacked standing to assert Swanson's rights and that the underlying cause of action was barred by the statute of limitations. We affirm the District Court on the basis that appellant lacks standing.

Ordinarily, a party has no standing to assert the rights of third persons. *See, e. g., Singleton v. Wulff,* 428 U.S. 106, 114, 96 S.Ct. 2868, 49 L.Ed.2d 826 (1976); *McGowan v. Maryland,* 366 U.S. 420, 429, 81 S.Ct. 1101, 6 L.Ed.2d 393 (1961); *United States v. Raines,* 362 U.S. 17, 22, 80 S.Ct. 519, 4 L.Ed.2d 524 (1960); *Regents of University of Minnesota v. National Collegiate Athletic Association,* 560 F.2d 352 at 364 (8th Cir. 1977); *Shaw v. Garrison,* 545 F.2d 980, 983 n.4 (5th Cir. 1977); *Tyler v. Ryan,* 419 F.Supp. 905, 906 (E.D.Mo.1976); *Javits v.*

*Stevens,* 382 F.Supp. 131, 135 (S.D.N.Y. 1974).

This general rule, like all rules, is subject to certain narrow exceptions. None of these exceptions, however, apply here.[1] The case before us is not one where the aggrieved party could not be represented in the context of the dispute before the court, *Barrows v. Jackson,* 346 U.S. 249, 73 S.Ct. 1031, 97 L.Ed. 1586 (1953), where a property deprivation was the indirect result of a constitutional deprivation of an absent party, *Pierce v. Society of Sisters,* 268 U.S. 510, 45 S.Ct. 571, 69 L.Ed. 1070 (1925), where the right sought to be protected would be forfeited if the aggrieved party were forced to appear in his own behalf, *N.A.A.C.P. v. Alabama,* 360 U.S. 240, 79 S.Ct. 1001, 3 L.Ed.2d 1205 (1959), or where an adjudication of the rights of third persons is in every meaningful sense necessary to an adjudication of the constitutional controversy between the parties at bar, *Regents of University of Minnesota v. National Collegiate Athletic Association, supra.* In addition, the principles underlying the general rule militate against carving out an additional exception benefiting appellant. In determining whether the general rule should apply, we consider the relationship of the appellant to the person whose right he seeks to assert and the ability of the third person to assert his own right. *See Singleton v. Wulff, supra,* 428 U.S. at 114–16, 96 S.Ct. 2868. On this record, we doubt that appellant's relationship to Swanson is such that the former would be as effective a proponent of the right as the latter. In addition, we perceive no reason why Swanson cannot assert his own right.

We also reject appellant's contention that, because jurisdiction was alternatively pleaded under 28 U.S.C. § 1332, Arkansas law on assignability governs the standing issue. Where, as here, the complaint alleges only the violation of federally-protected civil rights, the constitutional and prudential considerations underlying the standing doctrine, *see Warth v. Seldin,* 422 U.S. 490, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975), respond to concerns that are peculiarly federal in nature, and thus state law is not controlling. *See Village of Arlington Heights v. Metropolitan Housing Development Corp.,* 429 U.S. 252, 262, n.8, 97 S.Ct. 555, 50 L.Ed.2d 450 (1977).

The order of the District Court is affirmed.

---

1. We reject the notion that appellant can have standing through an assigned economic interest in the outcome of the litigation or simply because he seeks money damages for past wrongs inflicted upon his assignor. Civil rights damages may not be bought and sold in the market place; appellant must bring himself under one of the exceptions to the rule of standing or be denied access to the federal courts.