Harley FLEISHMAN, et al., Plaintiffs,

v.

PRUDENTIAL–BACHE SECURITIES, INC., and Sheldon G. Zimmerman, Defendants.

Keith R. BIERLE and Susanne M. Bierle, Plaintiffs,

v.

PRUDENTIAL–BACHE SECURITIES, INC., and Sheldon G. Zimmerman, Defendants.

Russell BECK and Carole Beck, Plaintiffs,

v.

PRUDENTIAL–BACHE SECURITIES, INC., and Sheldon G. Zimmerman, Defendants.

Kenneth S. FABRIC M.D.S.C., Plaintiff,

v.

PRUDENTIAL–BACHE SECURITIES, INC., and Sheldon G. Zimmerman, Defendants.

Gerald W. SEDLAR and Doreen K. Sedlar, Plaintiffs,

v.

PRUDENTIAL–BACHE SECURITIES, INC., and Sheldon G. Zimmerman, Defendants.

Civ. A. Nos. 83–C–2044, 84–C–61, 84–C–386, 84–C–387 and 84–C–500.

United States District Court, E.D. Wisconsin.

Dec. 12, 1984.

Robert E. Cook, Robert W. Burns, Milwaukee, Wis., for plaintiffs.

W. Stuart Parsons, William H. Harbeck, Milwaukee, Wis., for defendant Prudential-Bache Securities.

David J. Cannon, Milwaukee, Wis., for defendant Sheldon G. Zimmerman.

## DECISION AND ORDER

REYNOLDS, Chief Judge.

These five actions were brought to redress alleged violations of the federal securities laws and state common law. Federal jurisdiction is based on 28 U.S.C. § 1331 and pendent jurisdiction. Presently before the Court are plaintiffs' motions for consolidation. The motions will be denied.

The plaintiffs are investors and customers of the defendant Prudential-Bache Securities, Incorporated ("Prudential-Bache"). Defendant Sheldon G. Zimmerman is a registered broker and an employee of Prudential-Bache. Each of the five complaints contains nine claims for relief against the defendants, except the complaint in C.A. No. 84–C–61, which contains eight claims. The claims are: 1) churning; 2) fraudulent representation; 3) breach of fiduciary duty; 4) punitive damages; 5) negligent handling of accounts; 6) negligent misrepresentation; 7) negligent administration; 8) negligent supervision; and except in 84–C–61, 9) conversion. The answers contain similar denials and raise similar affirmative defenses.

Plaintiffs are all represented by the same attorneys. The claims they assert arise out of alleged activities occurring in roughly the same period. They argue that the defendants made similar representations to all of them, and handled their accounts in a similar manner. Plaintiffs also argue that the same experts will probably be used in all five cases, and that consolidation will facilitate prompt resolution of procedural and evidentiary problems that could affect all the cases.

 Whether to consolidate cases under Fed.R.Civ.P. 42 is a decision committed to the discretion of the district court. *Bradley v. Soo Line R. Co.*, 88 F.R.D. 307, 309 (E.D.Wis.1980). There must be questions of law or fact common to the cases that are to be consolidated, and consolidation must not result in prejudice to a party. Additionally, a party moving for consolidation must show that consolidation would

promote trial convenience and economy in administration due to factors other than a mere commonality of legal and factual issues.

While there is clearly a commonality of legal issues, and while the cases may share certain issues of material fact, factual dissimilarities in these cases render consolidation impractical from an administrative standpoint. There is also a strong possibility of confusing the jurors if the cases were tried in a single proceeding.

For example, the *Fleishman* action, C.A. No. 83–C–2044, involves five different plaintiffs with six different accounts. Plaintiff Harley Fleishman opened these accounts in his own behalf and in a representative capacity. At the time, he was the president of a million-dollar-per-year furniture business and had extensive prior experience with investment firms through investing for his company's profit-sharing plan. The alleged investment objective with respect to these six accounts was security of principal and production of some income through investment in money market funds. The accounts vary widely in the number of type of transactions involved. After a period of time, Mr. Fleishman discovered that defendant Zimmerman was making investments in stock funds and buying stock on margin, but did not instruct Zimmerman to discontinue this trading.

By contrast, in the *Bierle* action, C.A. No. 84–C–61, the plaintiffs are a factory worker and his spouse. Mr. Bierle allegedly has limited investment experience. He alleges that he told Zimmerman that he expected to receive an inheritance, and that he desired security of this amount and other funds so that they could be combined with his pension income upon his retirement. In the complaint, he alleges that he contacted Zimmerman at various times concerning margin call notices, and that he once put a "hold" on the account, which Zimmerman subsequently persuaded him to remove. Mr. Bierle has testified that he never gave Zimmerman discretion to trade, but he also testified that Zimmerman in-

formed him that he would be making transactions in the Bierles' account. Mr. Bierle also authorized a number of purchasers in the account, including initial purchases of TVA bonds, a real estate limited partnership investment, and purchases of speculative metal options.

The Court has reviewed the remaining three complaints, and finds that the degree of investment sophistication varies among the plaintiffs. Their purposes for investing vary, as do the amounts invested and the amounts lost. Finally, account statements ostensibly made by Prudential-Bache in the course of its business have been appended to the five complaints as exhibits. The Court finds that while there is some overlap, different securities were traded in the accounts.

Based on the foregoing, I conclude that consolidating these cases would create unnecessary complications. The motions to consolidate will be denied.

THEREFORE, IT IS ORDERED that the motions to consolidate in the above-encaptioned actions are denied.