804 F.Supp. 1111 (1992)
ENTERPRISE BANK, Plaintiff,
v.
Gustave J. SAETTELE and Laura Saettele, Defendants.
LANDMARK BANK OF ST. CHARLES COUNTY, Plaintiff,
v.
Gustave J. SAETTELE and Laura Saettele, Defendants.
Nos. 91-0616C(6), 91-0787C(5).
United States District Court, E.D. Missouri, E.D.
October 5, 1992.
*1112 John S. Sandberg, Elkin L. Kistner, Sandberg, Phoenix & von Gontard, St. Louis, Mo., for Enterprise Bank.
Armstrong, Teasdale, Schlafly, Davis & Dicus, Paul N. Venker, St. Louis, Mo., for Landmark Bank of St. Charles County.
Jerome F. Raskas, Peter H. Love, Raskas, Ruthmeyer, Pomerantz, Wynne, Garavaglia & Susman, The Stolar Partnership, Charles Alan Seigel, Michael A. Fisher, E. Michael Murphy, St. Louis, Mo., for Gustave and Laura Saettele.

MEMORANDUM
GUNN, District Judge.
This matter is before the Court to consider the motions and issues pertinent to the consolidated causes Enterprise Bank v. Saettele, No. 91-0616C(6) and Landmark Bank v. Saettele, 91-0787C(5) as well as those motions arising exclusively from the cause Enterprise Bank v. Saettele, No. 91-616C(6).

1. Issues before the Court in the Consolidated Causes: Validity of Landmark Bank of St. Charles County's Attachment

On March 29, 1991, Enterprise initiated an action in this Court against Gustave and Laura Saettele. Enterprise Bank v. Saettele, No. 91-616C(6).[1] Soon thereafter, Landmark Bank of St. Charles County also filed suit against the Saetteles in this Court and on September 20, 1991 it moved for prejudgment attachment. Landmark Bank v. Saettele, 91-787C(5).[2] The Court entered an order of attachment that very day before the Saetteles received notice of Landmark's motion.
*1113 On October 18, 1991, the St. Louis office of Oppenheimer & Company responded to the garnishee interrogatories served upon it by Landmark, acknowledging that it maintained a securities trust account owned by Gustave Saettele. The contents of the account included cash reserves and shares of Landmark Bancshares Corporation stock, now known as Magna Group, Inc. The shares of stock were in the name of Oppenheimer, their existence being indicated by entries in Oppenheimer's books and records rather than by certificates in Oppenheimer's possession. Moreover, no certificates dedicated to Gustave Saettele existed, either because the stock existed in uncertificated, book entry form at the time in question or because the certificates were maintained in an account at the Depository Trust Company (DTC) in New York which holds securities certificates in a fungible mass.
On December 17, 1991, after a jury trial, the Court entered judgment in favor of Enterprise and against the Saetteles in the amount of $800,000, plus interest and costs. Within weeks, Enterprise began its efforts to satisfy its judgment. One avenue Enterprise pursued was intervention in Landmark's action for the purpose of challenging Landmark's attachment. On February 18, 1992, the Court entered an order granting summary judgment in favor of Landmark, awarding it $1,198,811.95, plus interest, attorneys' fees and costs, and denying Enterprise's motion to intervene.
Enterprise then registered its judgment in New York and sought to garnish shares of stock supposedly in the possession of DTC and that Landmark had previously attached in Missouri. This action prompted Landmark to request the Court to enjoin Enterprise's New York activities. The Court granted Landmark's request, simultaneously granting Enterprise's motion to consolidate the two cases for purpose of resolving the ongoing dispute regarding the validity of the attachment. The Court ordered Enterprise and Landmark to brief this matter.
After briefing the issue of the validity of the attachment, Landmark filed a motion, captioned in part as a motion to reconsider, set aside and/or vacate the Court's order of consolidation. This motion primarily challenges the propriety of Enterprise contesting Landmark's attachment at this time. Enterprise filed a response and Landmark replied thereto. Because review of this motion would not affect the outcome of the issue at hand, the Court will not address the arguments Landmark advances in its motion.
Enterprise advances a two-pronged challenge to Landmark's attachment. First, Enterprise contends that the entire pre-judgment attachment affected by the Court's order of September 20, 1991, violates the Due Process and Equal Protection Clauses of the Missouri and United States Constitutions as well as the Privileges and Immunities Clause of the United States Constitution. Second, Enterprise argues that the shares of stock in question are not attached despite the Court's order because Landmark never seized the certificates as required by Missouri law.[3]
The Court believes that Enterprise's attack is untimely. Enterprise moved to intervene in the Landmark Bank proceeding prior to final judgment in that cause but was denied intervention. Rather than appealing the decision to deny intervention, see Edmondson v. Nebraska ex rel. Meyer, 383 F.2d 123, 127-28 (8th Cir.1967) (reviewing denial of intervention), Enterprise inappropriately takes issue with it here. See Cheyenne River Sioux Tribe of Indians v. United States, 338 F.2d 906, 911 (8th Cir. 1964), cert. denied, 382 U.S. 815, 86 S.Ct. 34, 15 L.Ed.2d 62 (1965) (citing failure to appeal order refusing intervention as preventing tribe from bringing an independent action to vacate prior order because not allowed to intervene).
Even if Enterprise's constitutional challenge, specifically limited to subsection 1 of Missouri's attachment statute, Mo. *1114 Rev.Stat. § 521.010(1), is timely and appropriate under Missouri Supreme Court Rules, the Court does not have jurisdiction to consider it. Subsection 1 provides for prejudgment attachment without a hearing "[w]here the defendant is not a resident of this state." Mo.Rev.Stat. § 521.010(1). However, Missouri law also permits prejudgment attachment without a hearing "where the defendant is about to remove his property or effects out of this state, with the intent to defraud, hinder or delay his creditors." Mo.Rev.Stat. § 521.010(5).
Landmark's motion for writ of attachment cited the non-resident provision exclusively, relying on the Saetteles' Florida residency. The affidavit accompanying Landmark's motion for writ of attachment, however, states Landmark's concern that the Saetteles were in the process of selling assets located within the state, with the intent to move the proceeds out of the state. Landmark also offers a copy of a newspaper article from September of 1991 discussing the Saetteles' sale of a large portion of their Landmark stock and represents that the Court's attention was directed to this article before the attachment order was signed. Thus, the information available to the Court at the time of the attachment arguably satisfies both subsection 1 and 5 of the Missouri attachment statute. The parties do not dispute that subsection 5 is constitutional. See Connecticut v. Doehr, ___ U.S. ___, 111 S.Ct. 2105, 2115, 115 L.Ed.2d 1 (1991). Accordingly, the Court does not have jurisdiction to consider a constitutional challenge addressed solely to the subsection that relies on the party's residency in a foreign state. See United States v. Raines, 362 U.S. 17, 20-21, 80 S.Ct. 519, 522-23, 4 L.Ed.2d 524 (1960) (federal courts do not have jurisdiction to anticipate a question of constitutional law in advance of the necessity of deciding it). For similar reasons, the Court will not decide Enterprise's claims that the statute violates the Missouri Constitution.
Furthermore, Enterprise lacks standing to assert that the statute violates the federal Constitution. Without standing, a litigant is not entitled to have the Court reach a decision on the issue he brings before it. Warth v. Seldin, 422 U.S. 490, 498, 95 S.Ct. 2197, 2205, 45 L.Ed.2d 343 (1975). This limitation applies not only to claims contained in a complaint but also to each issue advanced by way of motion. See O'Connor v. Jones, 946 F.2d 1395, 1400 (8th Cir.1991).
Enterprise maintains that it has standing to assert the Saetteles' constitutional rights. The standing doctrine, however, consists of a constitutional and a prudential element. Warth, 422 U.S. at 498, 95 S.Ct. at 2205. In Article III, section 2, the Constitution limits federal court jurisdiction to "cases or controversies," while the prudential facet of the standing inquiry focuses on whether the litigants are the proper proponents of the particular legal rights on which they base their suit. Singleton v. Wulff, 428 U.S. 106, 112, 96 S.Ct. 2868, 2873, 49 L.Ed.2d 826 (1976). Ordinarily an individual does not have standing to assert the rights of third persons. Carter v. Romines, 560 F.2d 395, 395 (8th Cir.1977), cert. denied, 436 U.S. 948, 98 S.Ct. 2854, 56 L.Ed.2d 790 (1978). This presumption, however, may be waived by Congress, Defenders of Wildlife, Friends of Animals & Their Environment v. Hodel, 851 F.2d 1035, 1039 (8th Cir.1988), or be outweighed by the fundamental rights which would be denied. Carter, 560 F.2d at 396. State law, however, cannot create such a waiver when violation of federal law is at issue. Village of Arlington Heights v. Metropolitan Housing Development Corp., 429 U.S. 252, 262 n. 8, 97 S.Ct. 555, 561 n. 8, 50 L.Ed.2d 450 (1977); Carter, 560 F.2d at 396. None of the narrow exceptions to the general presumption against the assertion of rights by a third-party applies here. See Carter, 560 F.2d at 396 (citing exceptions). Moreover, Enterprise neither enjoys a close relationship with the third-party, the Saetteles, nor do third-parties in general suffer from a hindrance to their ability to assert these defenses. See Powers v. Ohio, ___ U.S. ___, 111 S.Ct. 1364, 1370-71, 113 L.Ed.2d 411 (1991). Enterprise is not a proper proponent of the Saetteles' constitutional defenses to the prejudgment attachment.
*1115 Enterprise alternatively claims that at a minimum Landmark's garnishment of Gustave Saettele's account at Oppenheimer did not serve to attach the Landmark stock. Missouri law provides that attachment upon a security is only valid if the security has been seized by the officer making the attachment. See Mo.S.Ct.R. 76.06(f); Mo.Rev.Stat. § 400.8-317(1). If, however, the security may not be readily attached by ordinary legal process, a creditor is entitled to other aid from the court. Mo.Rev.Stat. § 400.8-317(2). The Court believes that the "other aid" contemplated by the statute could in the appropriate circumstance include attachment by garnishment. See Mo.S.Ct.R. 85.21 (may attach as provided in Rule 76), 76.06(f) ("levy upon property subject to garnishment ... shall be made as provided in Rule 90," governing garnishment). Missouri law authorizes the garnishment of "goods, personal property, money, credits, bonds, bills, notes, checks, choses in action, or other effects of the defendant and all debts owed to defendant." See Mo.S.Ct.R. 90.01.
No certificates were susceptible to ready attachment and thus, Landmark could resort to attachment by garnishment. The Court concludes that either the shares of stock themselves as evidence of indebtedness noted only on the books and records at Oppenheimer or Gustave Saettele's account with Oppenheimer constitutes property subject to attachment by garnishment. Cf. Hilke v. Bank of Washington, 251 S.W.2d 963, 965-66 (Mo.Ct.App.1952) (account with bank may be attached by garnishment).[4]
A provision in the Uniform Commercial Code excepts instances such as the present one from the general seizure rule, demonstrating the reasonableness of the Court's conclusion. See U.C.C. § 8-317(4). Although Missouri did not incorporate that section of the uniform law into its statute on that subject, this decision may well reflect Missouri's conclusion that its garnishment statute sufficiently accommodates such situations.
In sum, the Court concludes that Enterprise should have pursued this matter by appealing the decision to deny intervention. However, even if Enterprise's challenge is timely and appropriate, the Court lacks jurisdiction to reach the constitutional issues and Enterprise lacks standing to advance the challenges based on the federal Constitution. Furthermore, the Court rejects Enterprise's contention that Missouri law requires seizure of stock certificates by the officer effecting the attachment in circumstances such as those present in this case.

2. Post-Judgment Motions in No. 91-0616C(6): For Attorneys' Fees and Judgment as a Matter of Law

In the cause Enterprise Bank v. Saettele, No. 91-0616C(6), the jury found defendants liable on the continuing guaranty upon which Enterprise brought its claims. Damages were awarded to Enterprise in the amount of $800,000. Enterprise filed a motion for judgment as a matter of law, requesting the Court to enter a judgment in the amount of $947,988.42.
At trial, Enterprise relied upon an exhibit, created by one of its employees, that indicated the principal and interest due on each of the three notes that defendants guaranteed. The exhibit also calculated the deficiency balance on the notes by adding and subtracting other relevant amounts. One amount added to the outstanding debt was $160,000 for mechanic's liens. At trial, defendants did not challenge the figures representing the outstanding debt on the notes but did contest the figure for mechanic's liens. In particular, evidence at trial indicated that Enterprise had not paid the mechanic's liens and was in fact disputing these amounts in state court litigation. Accordingly, Enterprise concedes that it has not established as a matter of law that it is entitled to the mechanic's liens but claims that it has established *1116 as a matter of law all the other amounts included in its exhibit.
In considering a motion for judgment as a matter of law, the district court must consider the evidence in the light most favorable to the non-movant, assume that all conflicts in the evidence were resolved in favor of the non-moving party, assume as proved all facts that the nonmoving party's evidence tended to prove and give the non-moving party the benefit of all reasonable inferences that may be reasonably drawn from the facts proved. See Western Am. Inc. v. Aetna Cas. & Sur. Co., 915 F.2d 1181, 1183 (8th Cir.1990) (reciting standard for a judgment not withstanding the verdict). Generally, a witness's interest in "the result of the suit is deemed sufficient to require the credibility of the testimony to be submitted to the jury as a question of fact." Dace v. ACF Indus., Inc., 722 F.2d 374, 377 n. 6 (quoting Sartor v. Arkansas Natural Gas Corp., 321 U.S. 620, 628, 64 S.Ct. 724, 729, 88 L.Ed. 967 (1944)), adhered to as supplemented by, 728 F.2d 976 (8th Cir.1984). Although this case presents a close issue because it involves what might appear to be the simple calculation of amounts due on several notes, the witness who introduced the exhibit, an Enterprise employee, has an interest in the result of the litigation and was impeached at trial. The Court, therefore, will not replace the jury's verdict.
Enterprise also seeks attorneys' fees in the amount of $40,989.37. The guaranty at issue in this case encompassed a loan agreement that obligates the borrowers to pay attorneys' fees incurred in collecting on the obligation. The Court rejects each of the defendants' objections to specific amounts claimed by Enterprise but will consider their suggestion that the amount sought is unreasonable. In assessing the reasonableness of a fee request, the Court should consider the time and labor required, the novelty and difficulty of the questions, the skill requisite to perform the legal service properly, the preclusion of other employment by the attorney due to acceptance of the case, the customary fee, time limitations imposed by the client or the circumstances, the amount involved and the results obtained, the experience, reputation, and ability of the attorneys, the "undesirability" of the case, the nature and length of the professional relationship with the client and awards in similar cases. Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir.1974), cited with approval in Hardman v. Board of Educ., 714 F.2d 823, 825 (8th Cir.1983).
This matter simply sought to enforce a guaranty. The cause did not raise any new, novel or complex issues although each party's refusal to cooperate necessarily increased the fees incurred for both sides. Enterprise's counsel has attacked this cause with more zeal than ordinarily required, possibly at the behest of its client as defendants suggest. But the Court cannot hold defendants blameless in this regard either. Defendants asserted numerous meritless defenses and their refusal or inability to compensate their counsel caused additional trips to the courthouse which add to the fees Enterprise incurred. Ultimately, Enterprise did prevail and the jury awarded it $800,000. Considering the totality of the circumstances, the Court concludes that it shall award attorneys' fees in the amount of $30,742.03 or 75% of the requested fee.

ORDER
Pursuant to the memorandum filed on this date herein,
IT IS HEREBY ORDERED that Enterprise Bank's motion for judgment as a matter of law is denied.
IT IS FURTHER ORDERED that Enterprise's motion to amend its claim for attorneys' fees is granted.
IT IS FURTHER ORDERED that Enterprise's claim for attorneys' fees is granted to the extent that it is entitled to receive $30,742.03 in fees from defendants.
IT IS FURTHER ORDERED that Enterprise's challenge to the validity of Landmark Bank of St. Charles County's attachment of Gustave Saettele's account with Oppenheimer & Company is denied.
*1117 IT IS FURTHER ORDERED that the injunction imposed on Enterprise's activities in the New York state court is lifted.
IT IS FURTHER ORDERED that Enterprise's motion to amend the Court's order of May 4, 1991 is denied as moot.
IT IS FURTHER ORDERED that Landmark's motion to reconsider, set aside and vacate order of consolidation; alternatively motion to strike reply brief of Enterprise is denied as moot.
IT IS FURTHER ORDERED that Landmark's motion to vacate or clarify order for registration of judgment or invalidate it as to certain assets is denied as moot.
IT IS FURTHER ORDERED that the two causes, Enterprise Bank v. Saettele, No. 91-616C(6) and Landmark Bank v. Saettele, 91-787C(5), shall no longer be consolidated.
IT IS FURTHER ORDERED that all other motions and objections are denied as moot.
NOTES
[1] The Honorable George F. Gunn, Jr. presiding.
[2] The Honorable Stephen N. Limbaugh presiding.
[3] Enterprise challenges for the first time in its reply brief the adequacy of the affidavit Landmark offered in support of its motion for writ of attachment. The Court concludes that the assertion is both untimely and spurious.
[4] Although the definition of account contained in section 400 of Missouri's Revised Statutes may exclude Saettele's account with Oppenheimer, that definition does not necessarily transcend all of Missouri's Supreme Court Rules.