ENTERPRISE BANK, Appellant,

v.

Gustave J. SAETTELE; Laura Saettele, Appellees.

LANDMARK BANK OF ST. CHARLES COUNTY, Appellee,

v.

Gustave J. SAETTELE; Laura Saettele, Appellee.

No. 92–3590.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 11, 1993.

Decided April 7, 1994.

John Sandberg, St. Louis, MO, argued (John S. Sandberg, Michael W. Foster and Elkin L. Kistner, on the brief), for appellant.

Thomas Blumeyer Weaver, St. Louis, MO, argued (Thomas B. Weaver, Paul N. Venker and Andrew B. Mayfield, on the brief), for appellee.

Before McMILLIAN, Circuit Judge, BRIGHT, Senior Circuit Judge, and MAGILL, Circuit Judge.

MAGILL, Circuit Judge.

This case involves a priority battle between two creditors, Enterprise Bank (Enterprise) and Landmark Bank of St. Charles County (Landmark), over the assets of Gustave and Laura Saettele (the Saetteles). Enterprise appeals the district court's judgment upholding the validity of Landmark's prejudgment attachment of certain assets of the Saetteles, 804 F.Supp. 1111. Because we hold that the district court abused its discretion in consolidating the two separate lawsuits and because the district court lacked jurisdiction, we vacate the judgment of the district court.

## I. BACKGROUND

The procedural history of this case is complex, but at bottom, this appeal now involves a priority battle between two creditors each seeking to satisfy their respective judgments against the limited, but substantial, assets of the Saetteles. The assets involved in this dispute are real property owned by the Saetteles and Landmark Bankshares Corporation stock (Landmark stock) in the Saetteles' account at Oppenheimer & Co. (Oppenheimer). Apparently, the Saetteles' assets are insufficient to satisfy the judgments of both creditors. Therefore, determination of which creditor is entitled to first priority to the Saetteles' assets is hotly contested by both Enterprise and Landmark. Resolution of this priority battle turns on the validity of Landmark's prejudgment attachment of these assets.

In March 1991, Enterprise filed suit in district court against the Saetteles (No. 91–0616C(6), *Enterprise* lawsuit). In April 1991, Landmark also filed suit in the same district court, before a different district judge, against the Saetteles (No. 91–0787C(5), *Landmark* lawsuit). 784 F.Supp. 1434. On September 20, 1991, the district court in the *Landmark* lawsuit issued an order authorizing a writ of attachment in favor of Landmark. On the same day, Landmark hand-delivered this order to the Saetteles' counsel. On September 26 and 27, 1991, the United States Marshal delivered the writ of attachment on Oppenheimer and the Recorder of Deeds in St. Louis County. In December 1991, the district court handling the *Enterprise* lawsuit entered judgment in favor of Enterprise.

In January 1992, Enterprise, aware that it could not execute its judgment as to certain assets of the Saetteles because of Landmark's prior prejudgment attachment, sought to intervene in the *Landmark* lawsuit in order to attack the validity of Landmark's prejudgment attachment. On February 18, 1992, the district court in the *Landmark* lawsuit granted judgment in favor of Landmark against the Saetteles and denied Enterprise's motion to intervene. Because Landmark had prevailed in its suit against the Saetteles, the priority date of its judgment lien reverted back to the date of the United States Marshal's delivery of the prejudgment writs of attachment. If Landmark's prejudgment attachment was proper, then the priority date of its lien is September 26 and 27 of 1991, *i.e.*, prior to Enterprise's December 1991 priority date. Therefore, the

validity of Landmark's prejudgment attachment is dispositive of this priority battle.

Instead of appealing the denial of its motion to intervene by the district court in the *Landmark* lawsuit, Enterprise motioned the district court in the *Enterprise* lawsuit to consolidate the *Enterprise* lawsuit and the *Landmark* lawsuit to determine the validity of Landmark's prejudgment attachment. Landmark opposed this consolidation. The district court in the *Enterprise* lawsuit granted Enterprise's motion to consolidate in May 1992, and requested briefing as to the validity of Landmark's prejudgment attachment.

On October 5, 1992, the district court in the *Enterprise* lawsuit issued an order upholding the validity of Landmark's prejudgment attachment and dissolving the prior consolidation of the two cases. Specifically, the district court held that Enterprise's challenge was untimely because Enterprise had failed to appeal the denial of its motion to intervene in the *Landmark* suit. Assuming, however, that the challenge was timely, the district court held that Enterprise lacked standing to raise the constitutional rights of the Saetteles. Finally, the district court rejected Enterprise's challenge to the attachment of the Saetteles' Landmark stock based on Missouri law. Enterprise timely appealed.

## II. DISCUSSION

Before we can analyze the propriety of the district court's decision on the merits, we first must determine whether the district court had authority to resolve the merits of the suit. If the consolidation of the lawsuits was improper and if this error affected the district court's jurisdiction, then the district court was without authority to resolve the dispute over the validity of Landmark's prejudgment attachment. We must determine, therefore, whether that consolidation was proper, and, if improper, whether it affected the district court's jurisdiction.

■ Federal Rule of Civil Procedure 42(a) (Rule 42(a)) governs consolidation and states:

**Consolidation.** When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Fed.R.Civ.P. 42(a). The district court's broad discretion in ordering the consolidation of matters is not unbounded, and we will reverse a district court's decision to consolidate for an abuse of discretion. *United States EPA v. City of Green Forest*, 921 F.2d 1394, 1402 (8th Cir.1990), *cert. denied*, —— U.S. ——, 112 S.Ct. 414, 116 L.Ed.2d 435 (1991).

Rule 42(a) states that a district court may consolidate separate actions when those "actions involv[e] a common question of law or fact." Fed.R.Civ.P. 42(a); *see Seguro de Servicio de Salud v. McAuto Sys. Group*, 878 F.2d 5, 8 (1st Cir.1989) ("The threshold issue is whether the two proceedings involve a common party *and* common issues of fact or law."); *see also Frazier v. Garrison I.S.D.*, 980 F.2d 1514, 1531 (5th Cir.1993) ("[A] trial court may consolidate multiple actions if the actions involve common questions of law or fact."); *Fleishman v. Prudential–Bache Sec.*, 103 F.R.D. 623, 624 (E.D.Wis.1984) ("There must be questions of law or fact common to the cases that are to be consolidated...."). Further, "consolidation is permitted as a matter of convenience and economy in administration, but does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another." *Johnson v. Manhattan Ry.*, 289 U.S. 479, 496–97, 53 S.Ct. 721, 727–28, 77 L.Ed. 1331 (1933); *see also United States v. Altman*, 750 F.2d 684, 695 (8th Cir.1984) (consolidated suits maintain their separate identities); *Kraft, Inc. v. Local Union 327, Teamsters*, 683 F.2d 131, 133 (6th Cir.1982) (same). We examine whether the district court abused its discretion in ordering this consolidation.

■ The district court consolidated the *Landmark* lawsuit and the *Enterprise* lawsuit "solely to determine the validity of [Landmark's prejudgment] attachment." Appellant's App. at 117. The district court ordered this limited consolidation " 'to avoid

unnecessary costs or delay.' " *Id.* (quoting Fed.R.Civ.P. 42(a)). The *Landmark* lawsuit and the *Enterprise* lawsuit involved neither common issues of law nor common issues of fact. Both cases involved breach of contract claims against the Saetteles. The legal issues are unrelated. Further, the only common factual thread running through the lawsuits was the fact that the Saetteles were defendants in both cases. Specifically, the matter for which the district court consolidated the two lawsuits, the validity of Landmark's prejudgment attachment, was not in issue in either of the lawsuits. In the *Landmark* lawsuit, the Saetteles did not contest the validity of the prejudgment attachment.[1] The validity of Landmark's prejudgment attachment also was not at issue in the *Enterprise* lawsuit. The two lawsuits contained no common issues of law or fact.[2] Because a common issue of law or fact is a prerequisite to consolidation, the district court abused its discretion by consolidating the two lawsuits. *See* Fed.R.Civ.P. 42(a); *see also Frazier,* 980 F.2d at 1531. We now analyze whether this error affected the district court's jurisdiction.

■ Because consolidation, when proper, does not merge the two separate lawsuits, it normally would not affect the district court's jurisdiction. *See Johnson,* 289 U.S. at 496–97, 53 S.Ct. at 727–28; *Altman,* 750 F.2d at 695. This court, therefore, normally would not review the district court's consolidation of these lawsuits when the appellant has not raised that issue on appeal.[3] Nevertheless, this court must examine whether consolidation affected the district court's jurisdiction. *See Gresham v. Chambers,* 501 F.2d 687, 690 (2d Cir.1974) ("Although the [jurisdictional issue] was not raised by the appellees, we are

duty bound to consider it."); *see also* Fed. R.Civ.P. 12(h)(3).

The district court's consolidation created a lawsuit distinct and separate from the two individual lawsuits. *Cf. Johnson,* 289 U.S. at 496–97, 53 S.Ct. at 727–28; *Altman,* 750 F.2d at 695. Because no common issues of law or fact existed between the two lawsuits, consolidation to resolve a separate issue that involved only the plaintiffs in each of the two lawsuits resulted in the creation of both a third lawsuit and a common forum in which to resolve that lawsuit.

The consolidation also created an adversary relationship between Enterprise and Landmark, the plaintiffs in the two lawsuits. The Saetteles, the sole defendants in both the *Enterprise* and the *Landmark* lawsuits, never challenged the validity of Landmark's prejudgment attachment, and therefore, they were not involved directly in the consolidated action. Through consolidation, however, the district court transformed Landmark from its role as a plaintiff in the *Landmark* lawsuit into the defendant in the consolidated action. The district court's consolidation created a forum in which to resolve this new priority battle between Enterprise and Landmark. Enterprise never filed a complaint; Landmark never filed an answer. Nevertheless, Landmark became a defendant protecting the validity of its prejudgment attachment. Because the district court consolidated two cases that involved no common facts or legal issues and the issue for which the district court consolidated the cases created an adversarial relationship between parties who formerly both were plaintiffs in the two individual lawsuits, the consolidation affected

---

1. Enterprise sought to intervene in the *Landmark* lawsuit to raise this very issue, but the district court denied that intervention. Enterprise chose not to appeal that decision. Thus, the validity of Landmark's prejudgment attachment never was in issue in the *Landmark* lawsuit.

2. We have no doubt that the validity of Landmark's prejudgment attachment would be an issue in a priority dispute between Landmark and Enterprise. Nevertheless, neither the *Enterprise* lawsuit nor the *Landmark* lawsuit is a priority dispute involving the validity of a prejudgment attachment.

3. Landmark opposed the district court's consolidation below. Landmark, however, could not appeal the consolidation because the district court held in favor of Landmark on the merits. *See Public Serv. Comm'n v. Brashear Freight Lines,* 306 U.S. 204, 206, 59 S.Ct. 480, 481, 83 L.Ed. 608 (1939) (holding that prevailing party has no standing to appeal). Landmark, however, has raised this issue as a defense to this appeal, and Enterprise has responded in its reply brief.

the district court's jurisdiction over the third lawsuit.[4]

Thus, we conclude that the district court abused its discretion by improperly consolidating the two separate lawsuits and that this abuse of discretion was a jurisdictional error.

### III. CONCLUSION

Based on the foregoing, we vacate the district court's judgment and dismiss the appeal.[5]

---

4. The district court did not address whether it had jurisdiction over this new lawsuit. For example, Enterprise never filed a complaint that set out the basis for jurisdiction in this priority battle; assuming that jurisdiction were based on diversity of citizenship, the district court did not determine whether Enterprise and Landmark were diverse parties. These infirmities point out the jurisdictional problems when a district court consolidates an action under Rule 42(a) to create a separate lawsuit.

5. Landmark's various motions seeking to dismiss this appeal are denied as moot.